**Prince Lobel Tye LLP**
Patrick A. Fitch (State Bar No. 321493)
pfitch@princelobel.com
Aaron S. Jacobs (State Bar No. 214953)
ajacobs@princelobel.com
One International Place, Suite 3700
Boston, Massachusetts 02110
Telephone: +1 (617) 456-8000

Matthew D. Vella (State Bar No. 314548)
mvella@princelobel.com
2094 S. Coast Highway, Suite 5C
Laguna Beach, California 92651
Telephone: +1 (617) 456-8000

*Counsel for BiTMICRO LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BiTMICRO LLC, | Civil Action No.   8:26-cv-01528 |
| Plaintiff, | **Complaint for Patent Infringement** |
| v. | **Demand for Jury Trial** |
| Kingston Technology Company, Inc., Kingston Technology Corporation, Kingston Digital, Inc., | |
| Defendants. | |

Plaintiff BiTMICRO LLC brings this patent infringement action against Defendants Kingston Technology Company, Inc., Kingston Technology Corporation, and Kingston Digital, Inc. and alleges the following:

**Nature of the Action**

1. The patents asserted here reflect decades of research and innovation by BiTMICRO Networks, Inc. ("BiTMICRO Networks"), a leader in memory and storage technology at the forefront of its field. The technology patented by

BiTMICRO Networks and owned by BiTMICRO LLC ("BiTMICRO") still enjoys widespread use and drives the performance of today's leading storage devices.

2.    BiTMICRO Networks began developing enterprise storage products in the 1990s for mission-critical computing applications, including military use. Its products quickly gained recognition for exceeding the extreme performance and data integrity requirements of its enterprise, industrial, and defense customers.

3.    The success and longevity of BiTMICRO Networks' technology—including the solid-state drive (SSD) and integrated circuit technology taught by the patents asserted here—was rooted in BiTMICRO Networks' commitment to innovation. More than a dozen BiTMICRO Networks engineers and developers spent more than a decade relentlessly researching, testing, and iterating to lay the foundation for today's high-performance storage devices.

4.    BiTMICRO Networks obtained more than 50 patents as recognition for its innovations. BiTMICRO owns all right, title, and interest in and to the BiTMICRO Networks patents, including the patents asserted here. These rights include the right to collect damages for infringement, including past damages.

**The Parties**

5.    Plaintiff BiTMICRO LLC is a Delaware limited liability company with a principal place of business at 11921 Freedom Drive, Suite 550, in Reston, Virginia, 20190.

6.    Defendant Kingston Technology Company, Inc. is a Delaware corporation with a principal place of business at 17600 Newhope Street in Fountain Valley, California, 92708.

7.    Defendant Kingston Technology Company, Inc. can receive service through its registered agent, Tracy Chang, at 17600 Newhope Street in Fountain Valley, California, 92708.

8.      Defendant Kingston Technology Corporation is a California corporation with a principal place of business at 17600 Newhope Street in Fountain Valley, California, 92708.

9.      Defendant Kingston Technology Corporation can receive service through its registered agent, Tracy Chang, at 17600 Newhope Street in Fountain Valley, California, 92708.

10.     Defendant Kingston Digital, Inc. is a Delaware corporation with a principal place of business at 17600 Newhope Street in Fountain Valley, California, 92708.

11.     Defendant Kingston Digital, Inc. can receive service through its registered agent, Tracy Chang, at 17600 Newhope Street in Fountain Valley, California, 92708.

12.     Because the Kingston Defendants operate from the same corporate headquarters, share overlapping management and agency relationships, and jointly market, sell, or support the accused products, BiTMICRO refers to them collectively as "Kingston" unless otherwise specified.

### Jurisdiction and Venue

13.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this case presents a federal question under U.S. patent law, including 35 U.S.C. §§ 271, 281, 284, and 285.

14.     This Court has general personal jurisdiction over Kingston because it has engaged in substantial activity within this State and District. This Court has specific personal jurisdiction over Kingston because it has infringed or caused acts of infringement to occur in this District in violation of 35 U.S.C. § 271. Kingston designs, develops, tests, uses, markets, and sells infringing products and services to customers in this District. Because Kingston maintains more than sufficient minimum contacts here, including its global headquarters, the Court's exercise of jurisdiction would not offend any notions of fair play and substantial justice.

15. Venue is proper as to each Defendant under 28 U.S.C. § 1400(b) because each Defendant has committed acts of infringement while maintaining a regular and established place of business in Fountain Valley in this District.

## BiTMICRO's Asserted Patents

16. The inventions encompassed by the asserted BiTMICRO patents disclose significant improvements in SSD and other memory technologies that made BiTMICRO Networks the market leader it was at the time of the inventions.

17. U.S. Patent No. 7,716,389 ("the '389 patent"), titled "Direct Memory Access Controller with Encryption and Decryption for Non-blocking High Bandwidth I/O Transactions," issued May 11, 2010. The '389 patent names inventors Rey Bruce, Raquel Bautista David, and Shielou Vicencio Estrada. The application leading to the '389 patent was filed March 17, 2006. Exhibit A contains a true and correct copy of the '389 patent.

18. U.S. Patent No. 9,135,190 ("the '190 patent"), titled "Multi-Profile Memory Controller for Computing Devices," issued September 15, 2015. The '190 patent names as inventors Ricardo H. Bruce, Marlon B. Verdan, Margaret Anne N. Somera, Rowenah Michelle D. Jago-on, Maria Eliza B. De Belen, and Ron Kelvin B. Palacol. The application leading to the '190 patent was filed September 4, 2010, and claims priority to U.S. Provisional Appl. No. 61/239,794, filed September 4, 2009. Exhibit B contains a true and correct copy of the '190 patent.

19. U.S. Patent No. 9,484,103 ("the '103 patent"), titled "Electronic Storage Device," issued November 1, 2016. The '103 patent names inventors Rolando H. Bruce, Reyjan C. Lanuza, Jose Miguel N. Lukban, Mark Ian A. Arcedera, and Ryan C. Chong. The application leading to the '103 patent was filed July 20, 2015, and claims ultimate priority to U.S. Provisional Appl. No. 61/242,346, filed September 14, 2009. Exhibit C contains a true and correct copy of the '103 patent.

20.     Each of the '389 patent, '190 patent, and '103 patent (together, the "Asserted Patents") is presumed valid and enforceable under 35 U.S.C. § 282.

21.     BiTMICRO owns all right, title, and interest in the Asserted Patents, including the right to assert all causes of action involving the Asserted Patents and the right to any remedies for infringement, including for past damages.

**Notice and Marking**

22.     Kingston has been on actual or constructive notice of the Asserted Patents, as detailed below.

23.     BiTMICRO and BiTMICRO Networks have complied with 35 U.S.C. § 287 for each Asserted Patent to the extent that 35 U.S.C. § 287 applies.

24.     BiTMICRO Networks has also complied with 35 U.S.C. § 287 and thereby provided notice to the public of each Asserted Patent. On information and belief, to the extent BiTMICRO Networks made, offered for sale, sold, or imported into the United States products covered by the Asserted Patents, it marked substantially all of such products with those patent numbers and provided a URL at which BiTMICRO Networks posted information associating the patented products with their corresponding patent numbers in compliance with § 287.

25.     To illustrate, BiTMICRO Networks sold its Ace Drive II products, which BiTMICRO Networks contended were covered by the '190 patent, with a label affixed on the products listing the '190 patent, as well as a URL at which BiTMICRO Networks listed additional patents it believed that product practiced:



26.     BiTMICRO Networks' other products similarly included product labels identifying specific patents by number or a URL at which BiTMICRO Networks listed the patents it contended each product practiced, including the '389, '190, and '103 patents. *See, e.g.*, https://web.archive.org/web/20190918054738/https://www.bitmicro.com/research-and-development/.

27.     The Asserted Patents have been widely cited by the industry and by the USPTO as a basis to reject under 35 U.S.C. § 102 or § 103 patent applications filed by other well-known industry participants.

28.     The '389 patent has appeared as cited prior art in patents and applications by Intel, Samsung, IBM, and others.

29.     The '190 patent has appeared as cited prior art in patents and applications by Western Digital, SanDisk, Micron, Huawei, Microsoft, and others. The '190 patent has served as the basis for USPTO rejections at least three times, including against SanDisk.

30.     The '103 patent has appeared as cited prior art in patents and patent applications by Micron and others.

## Count I

### (Infringement of U.S. Patent No. 7,716,389)

31.    BiTMICRO incorporates the preceding paragraphs as if fully set forth herein.

32.    The '389 patent recites 23 claims including independent claims 1, 7, 10, 17, and 19. *See* Ex. A at 8:57-12:7.

33.    Kingston has infringed and continues to infringe, literally or by the doctrine of equivalents, at least claim 19 of the '389 patent by making, using, testing, selling, offering for sale, or importing into the United States products and services covered by the '389 patent.

34.    Kingston's products that infringe the '389 patent include, for example, its DC3000ME PCIe NVMe U.2 SSD and related series of products.

35.    As one example, Kingston's website offers the DC3000ME PCIe 5.0 NVMe U.2 SSD for sale with a "Buy From" link. *See, e.g.*, https://www.kingston.com/en/ssd/dc3000me-data-center-solid-state-drive. Kingston's website advertises "AES 256-bit encryption for ultimate data security" as a key product feature, which bears on Kingston's infringement of the '389 patent. *See id.*

36.    Claim 19 of the '389 patent reads:

A direct memory access controller for transferring data to or from a memory, and for encrypting or decrypting said data upon receiving a data processing request, the direct memory access controller comprising:

a means for performing a DMA data transfer, said means for performing a DMA data transfer including at least one DMA engine configured for transferring data;

a means for performing data processing coupled to said means for performing a DMA data transfer, said data processing includes encrypting or decrypting said data in response to a DPC hit signal by at least using a DPC channel to

intercept said data, causing said data to be transferred to said means for performing data processing.

Ex. A at 10:50-63.

37. A claim chart showing an example of how Kingston infringes the '389 patent accompanies this complaint as Exhibit A-1.

38. Kingston has known about the '389 patent since at least the date of service of this Complaint.

39. Kingston has directly infringed and continues to directly infringe one or more claims of the '389 patent, including at least claim 19, in this District and elsewhere in the United States by making, using, selling, offering for sale, and importing products covered by one or more claims of the '389 patent, including the exemplary products listed above and all reasonably similar products in violation of 35 U.S.C. § 271(a).

40. At least as early as Kingston's knowledge of the '389 patent, Kingston indirectly infringes the '389 patent in the United States by inducement under 35 U.S.C. § 271(b). Kingston knowingly and intentionally induces infringement of the '389 patent by intending others to make, use, offer for sale, or sell in the United States products or services covered by the '389 patent. Kingston provides these products or services and provides instructions on their use to customers and others, who provision for use, use, offer for sale, or sell in the United States products and services that directly infringe at least claim 19 of the '389 patent. *See, e.g.*, https://www.kingston.com/en/ssd/dc3000me-data-center-solid-state-drive (offering the product for sale and providing specifications to facilitate its use).

41. Kingston also contributes to infringement of the '389 patent by others under 35 U.S.C. § 271(c) by knowingly providing products that, when incorporated by customers or end users, result in a system that directly infringes at least claim 19 of the '389 patent and are a material part of the invention and not staple articles or commodities of commerce suited to substantial non-infringing use. *See, e.g.*, *id.*

42. Kingston has infringed, and continues to infringe, the '389 patent indirectly by actively inducing infringement under 35 U.S.C. § 271(b) and by contributing to infringement under 35 U.S.C. § 271(c).

43. BiTMICRO and BiTMICRO Networks have complied with any applicable notice and marking provisions of 35 U.S.C. § 287 for the '389 patent.

44. BiTMICRO may recover pre-suit damages and any other available damages and injunctive relief for Kingston's infringement of the '389 patent under 35 U.S.C. § 287.

## Count II

### (Infringement of U.S. Patent No. 9,135,190)

45. BiTMICRO incorporates the preceding paragraphs as if fully set forth herein.

46. The '190 patent recites 101 claims including independent claims 1, 29, 45, 59, 80, 98, and 100. *See* Ex. B at 12:57-22:63.

47. Kingston has infringed and continues to infringe, literally or by the doctrine of equivalents, at least claim 59 of the '190 patent by making, using, testing, selling, offering for sale, or importing into the United States products and services covered by the '190 patent.

48. Kingston's products that infringe the '190 patent include, for example, its KC3000 PCIe 4.0 NVMe M.2 SSD and related series of products.

49. As one example, Kingston's website offers the KC3000 PCIe NVMe M.2 SSD for sale with a "Buy From" link. *See, e.g.*, https://www.kingston.com/en/ssd/kc3000-nvme-m2-solid-state-drive?capacity=2048gb. Kingston identifies the "3D TLC NAND" memory and Phison E18 controller as features of the KC3000 SSD, which bear on Kingston's infringement of claim 59 of the '190 patent. *See id.*

50. Claim 59 of the '190 patent reads:

A memory controller comprising:

an interface controller coupled to a memory device interface and an input/output (IO) device interface;

a memory store;

wherein the memory device interface is directly coupled to the memory store;

said interface controller disposed to perform a memory transaction by addressing a first memory location in the memory store, said first memory location and a second memory location respectively associated with a first device profile and a second device profile;

wherein said first device profile is optimal for a data type subject to the memory transaction, wherein said data type comprises one of a random data type or a sequential data type;

said interface controller identifies command details for causing the memory transaction to be performed, wherein said command details comprising the first memory device;

said device profile representing a first set of attributes of said first memory location, and said second device profile representing a second set of attributes of said second memory location, and a difference exists between said first and second device profiles;

said interface controller obtaining the first set of attributes after identifying the command details; and

said addressing of said first memory location includes using said attributes from said first device profile; and

said addressing of said first memory location includes selecting a transfer size for the memory transaction, wherein the transfer size is a function of a data size of the memory transaction and the first set of attributes.

Ex. B at 18:34-65.

51.    A claim chart showing an example of how Kingston infringes the '190 patent accompanies this complaint as Exhibit B-1.

52. Kingston has known about the '190 patent since at least the date of service of this Complaint.

53. Kingston has directly infringed and continues to directly infringe one or more claims of the '190 patent, including at least claim 59, in this District and elsewhere in the United States by making, using, selling, offering for sale, and importing products covered by one or more claims of the '190 patent, including the exemplary products listed above and all reasonably similar products in violation of 35 U.S.C. § 271(a).

54. At least as early as Kingston's knowledge of the '190 patent, Kingston indirectly infringes the '190 patent in the United States by inducement under 35 U.S.C. § 271(b). Kingston knowingly and intentionally induces infringement of the '190 patent by intending others to make, use, offer for sale, or sell in the United States products or services covered by the '190 patent. Kingston provides these products or services and provides instructions on their use to customers and others, who provision for use, use, offer for sale, or sell in the United States products and services that directly infringe at least claim 59 of the '190 patent. *See, e.g.*, https://www.kingston.com/en/ssd/kc3000-nvme-m2-solid-state-drive?capacity=2048gb (offering the product for sale and providing specifications to facilitate its use).

55. Kingston also contributes to infringement of the '190 patent by others under 35 U.S.C. § 271(c) by knowingly providing products that, when incorporated by customers or end users, result in a system that directly infringes at least claim 59 of the '190 patent and are a material part of the invention and not staple articles or commodities of commerce suited to substantial non-infringing use. *See, e.g.*, *id.*

56. Kingston has infringed, and continues to infringe, the '190 patent indirectly by actively inducing infringement under 35 U.S.C. § 271(b) and by contributing to infringement under 35 U.S.C. § 271(c).

57. BiTMICRO and BiTMICRO Networks have complied with any applicable notice and marking provisions of 35 U.S.C. § 287 for the '190 patent.

58. BiTMICRO may recover pre-suit damages and any other available damages and injunctive relief for Kingston's infringement of the '190 patent under 35 U.S.C. § 287.

## Count III

### (Infringement of U.S. Patent No. 9,484,103)

59. BiTMICRO incorporates the preceding paragraphs as if fully set forth herein.

60. The '103 patent recites 19 claims including independent claims 1, 10, and 19. *See* Ex. C at 15:51-16:66.

61. Kingston has infringed and continues to infringe, literally or by the doctrine of equivalents, at least claim 10 of the '103 patent by making, using, testing, selling, offering for sale, or importing into the United States products and services covered by the '103 patent.

62. Kingston's products that infringe the '103 patent include, for example, its KC3000 PCIe 4.0 NVMe M.2 SSD and related series of products.

63. As one example, Kingston's website offers the KC3000 PCIe NVMe M.2 SSD for sale with a "Buy From" link. *See, e.g.*, https://www.kingston.com/en/ssd/kc3000-nvme-m2-solid-state-drive?capacity=2048gb. Kingston identifies the "3D TLC NAND" memory and Phison E18 controller as features of the KC3000 SSD, which bear on Kingston's infringement of claim 10 of the '103 patent. *See id.*

64. Claim 10 of the '103 patent reads:

An apparatus comprising:

a storage device configured to map a primary address to a set of minimum erasable locations in a storage device, initialize the set, obtain and store initialization parameters, and initialize a selection sequence that determines a first minimum writeable location in the set.

Ex. C at 15:51-57.

65. A claim chart showing an example of how Kingston infringes the '103 patent accompanies this complaint as Exhibit C-1.

66. Kingston has known about the '103 patent since at least the date of service of this Complaint.

67. Kingston has directly infringed and continues to directly infringe one or more claims of the '103 patent, including at least claim 10, in this District and elsewhere in the United States by making, using, selling, offering for sale, and importing products covered by one or more claims of the '103 patent, including the exemplary products listed above and all reasonably similar products in violation of 35 U.S.C. § 271(a).

68. At least as early as Kingston's knowledge of the '103 patent, Kingston indirectly infringes the '103 patent in the United States by inducement under 35 U.S.C. § 271(b). Kingston knowingly and intentionally induces infringement of the '103 patent by intending others to make, use, offer for sale, or sell in the United States products or services covered by the '103 patent. Kingston provides these products or services and provides instructions on their use to customers and others, who provision for use, use, offer for sale, or sell in the United States products and services that directly infringe at least claim 10 of the '103 patent. *See, e.g.*, https://www.kingston.com/en/ssd/kc3000-nvme-m2-solid-state-drive?capacity=2048gb (offering the product for sale and providing specifications to facilitate its use).

69. Kingston also contributes to infringement of the '103 patent by others under 35 U.S.C. § 271(c) by knowingly providing products that, when incorporated by customers or end users, result in a system that directly infringes at least claim 10 of the '103 patent and are a material part of the invention and not staple articles or commodities of commerce suited to substantial non-infringing use. *See, e.g.*, *id.*

70. Kingston has infringed, and continues to infringe, the '103 patent indirectly by actively inducing infringement under 35 U.S.C. § 271(b) and by contributing to infringement under 35 U.S.C. § 271(c).

71.     BiTMICRO and BiTMICRO Networks have complied with any applicable notice and marking provisions of 35 U.S.C. § 287 for the '103 patent.

72.     BiTMICRO may recover pre-suit damages and any other available damages and injunctive relief for Kingston's infringement of the '103 patent under 35 U.S.C. § 287.

### Prayer for Relief

WHEREFORE, BiTMICRO asks the Court to enter judgment as follows:

A.     Declare that each Defendant has infringed and continues to infringe each of the Asserted Patents as alleged in Counts I-III;

B.     Award BiTMICRO damages in an amount to be proven at trial, but in no event less than a reasonable royalty, to compensate BiTMICRO for Kingston's infringement, plus pre- and post-judgment interest at the maximum allowable rate;

C.     Award BiTMICRO its costs, disbursements, and attorney's fees under 35 U.S.C. § 285;

D.     Permanently enjoin Kingston, its officers, agents, affiliates, employees, and all others acting in concert or along with Kingston from infringing the Asserted Patents; and

E.     Award any other relief the Court deems just and proper.

### Demand for Jury Trial

BiTMICRO demands a trial by jury for all triable claims under Fed. R. Civ. P. 38.

Respectfully submitted,

Dated: June 15, 2026

By: */s/ Patrick A. Fitch*
**Prince Lobel Tye LLP**
Patrick A. Fitch
pfitch@princelobel.com
   (State Bar No. 321493)
Aaron S. Jacobs
ajacobs@princelobel.com
   (State Bar No. 214953)
One International Place, Suite 3700
Boston, Massachusetts 02110
Telephone: +1 (617) 456-8000
Facsimile: +1 (617) 456-8100

Matthew D. Vella
mvella@princelobel.com
   (State Bar No. 314548)
2094 S. Coast Highway, Suite 5C
Laguna Beach, California 92651
Telephone: +1 (617) 456-8000

*Counsel for BiTMICRO LLC*

COMPLAINT FOR PATENT INFRINGEMENT     —15—     Civil Action No. 8:26-cv-01528